UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN GATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:16-cv-2910-LJM-MPB |
| | ) |
| SUPERINTENDENT COLE, V. MESEDIC, | ) |
| V. HINSHAW, BUCKNER, DR. NANCE, | ) |
| DR. CONDIS, BRUCE LEMMON, | ) |
| A. MCCULLUGH, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint and Directing Further Proceedings**

**I.** *In Forma Pauperis*

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted**. The assessment of even a partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff still owes the entire filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Screening**

Plaintiff John Gates, a prisoner at the Pendleton Correctional Facility (PCF) in the Mental Health Unit, filed this civil action alleging that defendants violated his rights under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and Fourteenth Amendment to the U.S. Constitution. He alleges that the defendants are prohibiting him from participating in educational programs based on his disability.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a]

complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III. Claim That May Proceed

The Court has identified the most viable claim to be the plaintiff's claim under the Rehabilitation Act. As a practical matter, the Court may dispense with the ADA claim, because the plaintiff can have but one recovery. *See Duran v. Town of Cicero, Ill*., 653 F.3d 632, 639 (7th Cir.2011) (plaintiffs may have but one recovery); *Calero–Cerezo v. United States Dep't of Justice*, 355 F.3d 6, 11 n. 1 (1st Cir.2004) (dismissal of ADA claim had no effect on scope of remedy because Rehabilitation Act claim remained).

To state a claim under the Rehabilitation Act, the plaintiff need only allege the following: (1) he is a qualified person; (2) with a disability; and, (3) the Department of Corrections denied him access to a program or activity because of his disability. See 29 U.S.C. § 705(2)(B); *Wis. Cmty. Serv. v. City of Milwaukee*, 465 F.3d 737, 746 (7th Cir.2006). Refusing to make reasonable accommodations is tantamount to denying access; although the Rehabilitation Act does not expressly require accommodation, "the Supreme Court has located a duty to accommodate in the statute generally." *Wis. Cmty. Serv*., 465 F.3d at 747.

However, the named defendants are not proper defendants under the Rehabilitation Act. Employees of the IDOC are not amenable to suit under the Rehabilitation Act. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131; *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). As such, the individual defendants are dismissed from this claim and the Indiana Department of Correction is substituted as a defendant.

### IV. Further Proceedings

This is the claim the Court has identified as the most viable claim. If the plaintiff feels the Court has overlooked or misstated his claim, he shall have **through December 2, 2016**, to notify the Court.

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Indiana Department of Correction in the manner specified by Rule 4(d). Process shall consist of the complaint filed on October 26, 2016, [dkt. 1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**The clerk is instructed** to terminate the defendants from the docket and substitute the Indiana Department of Correction as the defendant.

**IT IS SO ORDERED**.

Date: 11/3/2016

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

JOHN GATES
DOC # 112294
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Indiana Department of Correction
Attn: Legal Department
302 W. Washington St., Room E-334
Indianapolis, IN 46204